IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E. DIXON,<br><br>    Petitioner,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Respondents._____/ | No. C 08-03832 SBA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Docket no. 7) |

Petitioner Alfred E. Dixon, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court issued an Order to Show Cause directing Respondent to answer the instant petition. Respondent now moves to dismiss the petition because it is a mixed petition containing both exhausted and unexhausted claims (docket no. 7). Petitioner opposes the motion.

For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss and directs Petitioner to choose from one of the choices outlined below.

**BACKGROUND**

According to the allegations in the petition, on August 3, 2005, the Contra Costa County District Attorney charged Petitioner with committing a lewd and lascivious act on a child under fourteen years old, with the allegation that he had substantial sexual conduct with the victim, Cal. Penal Code §§ 288(a), 1203.066(a)(8), and that he had a prior serious felony conviction, a prior strike conviction, and had served a prior prison term, Cal. Penal Code §§ 667(a)(1), 667(b)-(I), 667.5(b).

On October 18, 2005, a jury found Petitioner guilty as charged. In bifurcated proceedings on the prior conviction allegation, the jury received documentary evidence Petitioner had been

convicted of first degree burglary in 1997 arising out of a 1996 incident involving Susan R.[1] The jury found true the allegation that he had a prior serious felony conviction.

On January 4, 2006, the Contra Costa County Superior Court sentenced Petitioner to seventeen years in state prison.

Petitioner appealed his conviction to the California Court of Appeal. (Resp't Ex. A.) On April 11, 2007, the appellate court affirmed the judgment against Petitioner. (Resp't Ex. C.)

Thereafter, Petitioner filed a petition for review in the California Supreme Court. (Resp't Ex. D.) The state supreme court denied the petition for review on June 20, 2007. (Resp't Ex. E.)

On July 21, 2008, Petitioner filed his federal habeas petition in this Court.

## DISCUSSION

Respondent moves to dismiss the petition on the ground it is a mixed petition because Petitioner did not fairly present to the California Supreme Court all the claims raised in his federal habeas petition. While Petitioner has filed a document entitled, "Petitioner['s] Opposition," the Court notes that he refers to his prior conviction for first degree burglary and seems to attempt to elaborate on his grounds for relief. (Opp'n at 2-5.) Nowhere in the opposition does Petitioner allege that all the claims in his federal petition were fairly presented to the California Supreme Court.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S.

---

[1] The record shows that Susan R. testified "that in 1996, when she was 14 years old, she was awakened around 3:00 a.m. to find a man kneeling over her by the side of her bed. Her blankets had been pulled down and she felt the rim of the man's baseball cap moving up her thighs toward her vagina." (Resp't Ex. C at 3.) While "defendant sought to introduce evidence that he was 'discharged of any sexual-related offense' arising out of that incident," the trial court "refused to allow defendant to tell the jury he 'was discharged of any sexual offense because he wasn't charged with any sexual offense." (Id. at 4.) Instead, to rebut Susan R.'s testimony, "the [trial] court permitted defendant to present evidence that he was charged on with burglary and not a sex offense." (Id.)

1  129, 133-34 (1987).  The petitioner has the burden of pleading exhaustion in his or her habeas
2  petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

3  If the petition combines exhausted and unexhausted claims, then the United States Supreme
4  Court, in Rose v. Lundy, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition
5  without reaching the merits of any of its claims.  Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.
6  1988).  However, the rule is not as absolute as might first appear.  Rose itself provides that the
7  dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the
8  district court can then consider those which remain.  See Anthony v. Cambra, 236 F.3d 568, 574 (9th
9  Cir. 2000).  And there are two other exceptions:  one is that when the petition fails to raise even a
10 colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C.
11 § 2254(b)(2); and the other is that, rather than dismiss, the district court may stay a mixed petition to
12 allow the petitioner to return to state court to exhaust the unexhausted issue or issues, Rhines v.
13 Weber, 544 U.S. 269, 277-78 (2005).

14 As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the
15 federal claim to the appropriate state courts in the manner required by the state courts, thereby
16 affording the state courts a meaningful opportunity to consider allegations of legal error.  Casey v.
17 Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  A claim is "fairly
18 presented" only if the petitioner either referenced specific provisions of the federal constitution or
19 federal statutes, or cited to federal or state case law analyzing the federal issue.  Peterson v. Lampert,
20 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  The specific factual basis of the federal claim also
21 must be presented to the highest state court.  Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir.), cert.
22 denied, 538 U.S. 1042 (2003).

23 The exhaustion requirement also may be satisfied if no state remedy remains available.  See
24 Casey, 386 F.3d at 920; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

25 The record shows that in his direct appeal, Petitioner raised two claims in the California
26 Court of Appeal: (1) that "[t]he trial court erred prejudicially in excluding evidence that appellant
27 was not held to answer for alleged prior sexual conduct that occurred in 1996"; and (2) that "[t]he
28

*United States District Court*
*For the Northern District of California*

3

trial court deprived appellant of due process of law when it instructed the jury that it could use appellant's alleged prior acts of sexual misconduct, proved by a preponderance of the evidence, as a proxy for proof beyond a reasonable doubt of the sexual offenses charged in the present case." (Resp't Ex. A at i.)  There is no dispute that Petitioner "fairly presented" the second claim to the California Supreme Court in his petition for review as follows: "[w]hether the trial court deprived petitioner of due process of law when it instructed the jury that it could use petitioner's alleged prior acts of sexual misconduct, proved by a preponderance of the evidence, as a proxy for proof beyond a reasonable doubt of the sexual offenses charged in the present case."  (Resp't Ex. D at 2.)  Therefore, the Court finds that the federal petition contains one exhausted claim.

Respondent argues, however, that the remaining claims in the present petition are unexhausted.  Petitioner only completed the section labeled "Ground one" on the petition form, which directed him to "[s]tate concisely every ground on which you claim that you are being held unlawfully."  (Pet. at 4.)  He frames his claims as follows:

> The state court's use of Evidence Code (EC) § 1108 to present incriminating evidence against Petitioner and then also use it to block his defense to this 1996 charge, conjoined with the jurys' [sic] instruction with CALJIC 2.50.01, denied to Petitioner his fundamental constitutional right to present a meaningful defense to both the crime charged and the uncharged crime by: 1) denying him his right to confront his accuser; and 2) to present a meaningful defense to the crime.

(Id. at 5.)  It appears that in his federal petition, Petitioner has attempted to combine the two claims raised in the California Court of Appeal.  He also has apparently added the claims that he was denied his right to confront witnesses and to present a meaningful defense.  However, as mentioned above, the only claim he raised in the California Supreme Court was that the trial court violated his right to due process by instructing the jury with CALJIC No. 2.50.01.  Therefore, any claim other than the claim raised in the state's highest court is unexhausted.  See 28 U.S.C. § 2254(b), (c).  Accordingly, the Court finds Petitioner's remaining claims are unexhausted because they were not considered on the merits by the California Supreme Court.

Having concluded that Petitioner did not exhaust the remaining claims in the present federal petition, the Court GRANTS Respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims.  See Rhines, 544 U.S. at 273.  Before entering a

4

judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his unexhausted claims as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his unexhausted claims. See Rhines, 544 U.S. at 277. Accordingly, Petitioner may choose either to amend his petition and proceed only with his one exhausted claim, or request a stay of the petition while he exhausts his remaining unexhausted claims in state court. A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his remaining claims in state court and the claims are potentially meritorious. See id.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss (docket no. 7) is GRANTED.

2. No later than **thirty (30) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his one exhausted claim and strikes the remaining unexhausted claims,[2] or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

3. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 08-03832 SBA (PR), as well as the words FIRST AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

4. If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the thirty-day deadline, the petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have

---

[2] If Petitioner chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

1 concluded. The Court makes no ruling at this time on the issue of the timeliness of any future
2 federal petition.
3     5. This Order terminates Docket no. 7.
4 IT IS SO ORDERED.
5 DATED: 3/16/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Dixon3832.grantMTD(exh).wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E DIXON,<br><br>             Plaintiff,<br><br>  v.<br><br>EDMUND G BROWN JR et al,<br><br>             Defendant. | Case Number: CV08-03832 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred E. Dixon F-11362
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030

Dated: March 18, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Dixon3832.grantMTD(exh).wpd